FILED
SUPERIOR COURT
OF GUAM

2019 SEP 30 PM 2: 27

CLERK OF COURT



# IN THE SUPERIOR COURT OF GUAM

RUDY RIVERA CAPISTRANO, )  Case No. DM0199-14
)
Plaintiff, )
)
v. )  **DECISION & ORDER**
)
LEONOR ARELA CAPISTRANO, )
)
Defendant. )
)
)
)
)
)

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on September 13, 2019 on Leonor Capistrano's ("Leonor") Motion for Contempt and Enforcement of Final Decree of Divorce Findings of Fact and Conclusions of Law ("Motion for Contempt") (Mar. 21, 2019). On April 18, 2019, Rudy Capistrano ("Rudy") filed a Plaintiff's Opposition to Defendant's Motion for Contempt and Enforcement of Final Divorce, and Counter Motion for Termination of Spousal Support ("Opposition") (Apr. 18, 2019). Rudy is represented by Attorney Joaquin C. Arriola, Jr., and Leonor is represented by Attorney Daniel S. Somerfleck. Having heard the arguments and testimony of the parties, and considered the applicable law, the Court now issues its Decision and Order denying in part and granting in part Leonor's Motion for Contempt.

\

# BACKGROUND

The action initially arose from a divorce complaint filed by Rudy on April 7, 2014. Verified Complaint for Divorce (Apr. 7, 2019). On June 22, 2016, the Court issued its Findings of Facts and Conclusions of Law and entered both an Interlocutory and Final Decree of Divorce. Findings of Fact & Conclusions of Law ("FFCL") (June 22, 2016); Interlocutory Decree of Divorce ("Interlocutory Decree") (June 22, 2016); Final Decree of Divorce ("Final Decree") (June 22, 2016). Both the Interlocutory Decree and the Final Decree memorialize the terms of the FFCL, granting divorce on grounds of adultery and ordering Rudy to ". . . pay $600.00 per month to Defendant as spousal support . . ." Interlocutory Decree at 2; Final Decree at 2.

On March 21, 2019, Leonor filed a Motion for Contempt, alleging Rudy:

> . . . has failed to provide [Leonor] with spousal support in the amount of $600.00 per month as provided in the June 22, 2016 [Final Decree] as well as provide [Leonor] with her share of [Rudy's] accrued retirement benefits totaling $27,000.00 as provided in the June 22, 2016 [FFCL].

Motion for Contempt at 2. Rudy filed a response to Leonor's Motion for Contempt, which also contained a counter motion to terminate spousal support. Rudy's Opposition alleges his failure to provide Leonor with spousal support was caused by Leonor's refusal to communicate with him. *See id.* at 3. The Opposition further alleges that ". . . immediately after Plaintiff RUDY was served with [Leonor's] [Motion for Contempt], Defendant [sic] secured a loan, and purchased a cashier's check for $19,800.00 for the amount of spousal support due since June 22, 2016, which he delivered to Defendant LEONOR on April 5, 2019." *Id.*

A hearing on the Motion for Contempt and the Opposition was held on September 13, 2019. The Court heard testimony limited to the contempt issue. After hearing the testimony and arguments of the parties, the Court took the matter under advisement. Minute Entry (Sept. 13, 2019).

\

\

## DISCUSSION

### A.    Rudy is in willful violation of the court's order.

In her Motion for Contempt, Leonor argues Rudy should be held in contempt for his failure to pay spousal support due since June 22, 2016. Motion for Contempt at 2. On April 5, 2019, after the filing of this enforcement action, Rudy paid the spousal support owed since June 22, 2016. Plaintiff's Declaration in Support of Plaintiff's Opposition & Countermotion ("Rudy's Declaration") (Apr. 18, 2019). Leonor requests the Court finds Rudy in contempt and award her attorney's fees and costs for bringing this enforcement action. Motion for Contempt at 3. Rudy asserts Leonor's refusal to communicate with him is the cause of his failure to pay spousal support. Opposition at 2.

The elements of civil contempt are: (1) a valid order; (2) the party's knowledge of that order; (3) the party has the ability to comply with the order, and; (4) the party willfully violated the order. *Rodriguez v. Rodriguez*, 2003 Guam 8 ¶ 15, *overruled on other grounds by Paguio v. Paguio*, 2014 Guam 36. The Court issued the Interlocutory Decree and the Final Decree. No issues have been raised as to the validity of these orders. Rudy acknowledges that he was aware of the Final Decree. *See* Rudy's Declaration at 1 ("Since the Court entered the Final Decree of Divorce Finding of Facts and Conclusions of Law . . . in June 22, 2016, I've made several attempts to comply with the Court's Orders . . ."). It is apparent Rudy had the ability to comply with the order as he was able to satisfy the entire balance due for spousal support in full. *Id.* at 2. The element in dispute is whether Rudy willfully violated the Final Decree. Leonor argues Rudy willfully violated the order in only making payments once Leonor filed the Motion for Contempt. Rudy asserts Leonor's refusal to communicate with him is the cause of his failure to pay spousal support. Opposition at 2.

Leonor and Rudy appeared before the Court to testify about the factual scenario surrounding the filing of the motion. Prior to the filing of the Motion for Contempt, Rudy made no payments for spousal support as was required by the Final Decree. Court Recording at 4:04:40 (Sept. 13, 2019). Rudy attempted to contact Leonor to make a spousal support payment. *Id.* at 3:59:50. When Rudy attempted to discuss payment with Leonor, he was directed to speak with Leonor's attorney. *Id.* at 4:14:01. Rudy did not contact Leonor's attorney to make a transfer of payment for spousal support. *Id.* at 4:13:25. Rudy offered into evidence a letter, written January 26, 2017, from Joaquin Arriola, Jr., Rudy's attorney, to Daniel Somerfleck, Leonor's attorney. Plaintiff's Exhibit 1 (Sept. 13, 2019). The letter requests Mr. Somerfleck to consult with Leonor as to how she proposes Rudy to begin compliance with the Final Decree. *See id.* No other testimony was taken on this letter. After the Motion for Contempt was filed, Rudy made a payment for all past due spousal support. Court Recording at 4:00:30.

It appears to the Court that Rudy was in willful violation of the Final Decree. Under the Final Decree, the Court ordered Rudy to pay $600 per month in spousal support. Final Decree at 2. Rudy asserts his attempt to contact Leonor to make payment of spousal support followed by Leonor's refusal to discuss and referral to her attorney relieves Rudy from his prior failure to pay. The Court disagrees.

While Leonor may have refused to communicate with Rudy regarding making payments of spousal support, Rudy's subsequent efforts to make the payments were minimal. Plaintiff's Exhibit 1, the July 26, 2017 letter, indicates Rudy's attorney reached out to Leonor's attorney regarding suggested actions for compliance with the order. Although Rudy made some efforts to bring himself in compliance with the Final Decree prior to the filing, these efforts were insufficient. It was not until after the Motion for Contempt was filed that Rudy came into full

compliance with the Final Decree by paying the entire outstanding balance. The Court finds this to be sufficient evidence for a finding that Rudy willfully violated the terms of the Final Decree.

**B.      Rudy has purged himself from civil contempt.**

Leonor, in her Motion for Contempt, has requested the Court to hold Rudy in contempt for his failure to pay spousal support. However, it is clear that after the filing of the Motion for Contempt, Rudy paid the outstanding amount due in full.

If a party is found in civil contempt, "the sentence imposed is conditional and grants the [contemnor] the ability to end the penalty by complying with the order," which differs substantially from criminal contempt "where the penalty is fixed and there is no possibility of complying with the court order." *People v. Torres*, 2008 Guam 26 ¶ 20 (quoting *United States v. Haggerty*, 528 F. Supp. 1286, 1296 (D. Col. 1981)). In the remedial nature of civil contempt sanctions, once the "court's order [is] fulfilled . . . there is no actual or imminent threat of contempt." *People v. Superior Court of Guam*, 2001 Guam 26 ¶ 28.

Considering Rudy paid the amount owed for spousal support, the subject of the Motion for Contempt, the Court finds Rudy was in compliance with the Final Decree as of the date of the Court's hearing on this matter. As the threat of contempt has been purged by Rudy's payment, the Court no longer has any basis to hold Rudy in civil contempt.

**C.      Leonor is owed reasonable attorney's fees.**

Leonor, in her Motion for Contempt, requests the Court to order Rudy to pay Leonor's "attorney fees and costs for this enforcement action." Motion for Contempt at 3.

"Guam courts may impose either civil or criminal sanctions under the general contempt powers found in Title 7 of the Guam Code Annotated." *People v. Tennessen*, 2011 Guam 2 ¶ 25

(citation omitted). "In a civil contempt proceeding, a contemnor may be required to reimburse a complainant for the costs he incurred in enforcing the court's prior order, including reasonable attorney's fees." *Poston v. Poston*, 502 S.E.2d 86, 90 (S.C. 1998).

While Rudy has purged himself of contempt, Leonor has still incurred attorney's fees and costs in bringing the current action. The Court finds that if it were not for the filing of the Motion for Contempt, Rudy would not have paid the outstanding spousal support owed. Therefore, the Court finds Rudy is responsible for Leonor's reasonable attorney's fees and costs incurred in bringing her Motion for Contempt.

## CONCLUSION

For the reasons stated above, the Court hereby **DENIES** in part and **GRANTS** in part Leonor's Motion for Contempt. The Court does not hold Rudy in contempt since he has purged himself from contempt by paying the amounts owed for spousal support. However, the Court finds Rudy responsible for and shall pay reasonable attorney's fees and costs incurred by Leonor. Within thirty (30) days of the filing of this Decision and Order, Leonor's counsel shall submit to the Court a declaration of reasonable attorney's fees and costs.

**IT IS SO ORDERED** on this SEP 3 0 2019 _____ day of September, 2019.



_____
**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**

CE VIA COURT BOX

dge that a copy of the
reto was placed in the

A. ..A
S...c..
9/3./19 ... ...e: ...

Deputy Clerk, Superior Court of Guam